**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

JULES V. JONES,
Plaintiff,
v.
OFR. V. SMITH, *et al.*,
Defendants.

Civil Action No.
1:25-cv-04172-SDG

**OPINION AND ORDER**

This case is before the Court on the Final Report and Recommendation (R&R) of United States Magistrate Judge Regina D. Cannon [ECF 3], which recommends that *pro se* Plaintiff Jules V. Jones's 42 U.S.C. § 1983 civil rights action be dismissed as malicious. Jones filed a document that undersigned construes as objections to the R&R [ECF 10]. After careful consideration, Jones's objections are **OVERRULED**, and the R&R is **ADOPTED** in its entirety. This case is **DISMISSED without prejudice**.

## I. BACKGROUND

Jones brings this § 1983 action against several officers who worked at the Newton County (Georgia) Detention Center, where Jones was detained at the time of the events in the complaint.[1] Jones alleges that the officers violated his Fourth

---

1 *See generally* ECF 1.

and Eighth Amendment rights, in addition to asserting a claim for intentional infliction of emotional distress.[2]

Judge Cannon reviewed the complaint pursuant to 28 U.S.C. § 1915A. The R&R recommends that this case be dismissed without prejudice as malicious under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(e)(2)(B)(i).[3] The R&R notes that, in response to the complaint form's instruction to list all lawsuits he filed while incarcerated, Jones listed one case filed in this district against defendants "Ezell Williams" and "Ofr. Gibson," with no other identifying information.[4] However, the R&R determined that Jones had previously filed three lawsuits in this Court: (1) *Jones v. Smith*, No. 1:15-cv-01676-AT (N.D. Ga. May 11, 2015); (2) *Jones v. Zon*, No. 1:15-cv-01677-AT (N.D. Ga. May 11, 2015); and (3) *Jones v. Smith*, No. 1:15-cv-02755-AT (N.D. Ga. Aug. 3, 2015).[5] Thus, the R&R concludes that Jones failed to disclose at least two of those lawsuits.[6] The R&R therefore recommends that this case be dismissed as a sanction for Jones's misrepresentation

---

2 *See id.*

3 ECF 3.

4 *Id.* at 5 (citing ECF 1, at 1–2).

5 *Id.*

6 *Id.* The R&R suggests that the previous lawsuit disclosed by Jones in this case may be a reference to Case No. -2755. *Id.* n.1.

of his litigation history.[7] Jules filed objections contending that he did not file the three lawsuits identified in the R&R.[8]

## II. APPLICABLE LEGAL STANDARD

A party challenging a report and recommendation issued by a United States Magistrate Judge must file written objections that specifically identify the portions of the proposed findings and recommendations to which an objection is made and must assert a specific basis for the objection. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009). The district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990).

Absent objection, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and need only satisfy itself that there is no clear error on the face of the record. Fed. R. Civ. P. 72(b). The district court has broad discretion in reviewing a magistrate judge's report and recommendation. In addressing

---

7 *Id.* at 5–6.

8 ECF 10. Jones also objects that he has never been to Gwinnett County Jail, as the R&R suggests. *See id.* However, the R&R states elsewhere that Jones was detained at the Newton County Jail, *see* ECF 3, at 1, and regardless, his place of confinement is unrelated to the truthfulness of his disclosure of his litigation history.

objections, it may consider an argument that was never presented to the magistrate judge, and it may also decline to consider a party's argument that was not first presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1290–92 (11th Cir. 2009). Further, "[f]rivolous, conclusive, or general objections need not be considered by the district court." *Schultz*, 565 F.3d at 1361 (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)).

## III. DISCUSSION

Jones contends that he did not file the lawsuits identified in the R&R and suggests those cases were filed by someone else.[9] It follows that, if Jones did not file those lawsuits, then he did not misrepresent his litigation history. However, undersigned has reviewed the dockets of those lawsuits, and it is clear that the same Jules V. Jones is the plaintiff in all of these cases.

In his objections, Jones gives his full name as Jules Verdean Jones and lists a date of birth in June 1979.[10] The plaintiff in Case Nos. -1676, -1677, and -2755 is named Jules V. Jones. Attached to the complaint in each of those cases is an "Arrest/Booking Report" dated February 6, 2015, at 20:17, for a defendant named

---

9 ECF 10.

10 *Id.*

Jules Verdean Jones.[11] The arrestee Jones's date of birth is listed in June 1979.[12] The defendant in Case No. -1676 is Officer Chris Smith, who was the arresting officer for Jones's February 6, 2015 arrest.[13] The defendant in Case No. -1677 is Layla Zon, the then-Newton County district attorney, who allegedly conspired with Smith and the Covington Police Department to maliciously prosecute Jones.[14] The original defendant in Case No. -2755 was Ezell Brown, the Newton County sheriff, who allegedly acted in concert with Smith, Zon, and the Covington Police Department to detain Jones without a warrant.[15]

Thus, it is clear that the plaintiff Jones in this case was also the plaintiff Jones in Case Nos. -1676, -1677, and -2755, and that Jones failed to disclose at least two

---

11 Compl., *Jones v. Smith*, No. 1:15-cv-01676-AT (N.D. Ga. May 11, 2015), ECF 1, at 9; Compl., *Jones v. Zon*, No. 1:15-cv-01677-AT (N.D. Ga. May 11, 2015), ECF 1, at 9; Compl., *Jones v. Smith*, No. 1:15-cv-02755-AT (N.D. Ga. Aug. 3, 2015), ECF 1, at 8.

12 *Id.*

13 Compl., Case No. -1676, ECF 1, at 3–4.

14 Compl., Case No. -1677, ECF 1, at 3–4.

15 Compl., Case No. -2755, ECF 1, at 3–4. Undersigned notes that the complaint in Case No. -2755 discloses Case Nos. -1676 and -1677 as previous lawsuits. *Id.* at 1–2. Undersigned further notes that the defendant Smith in Case No. -2755 is "1st Lt. Brice Smith," not the defendant Officer Chris Smith from Case No. -1676.

of those cases in filing his complaint in this case under penalty of perjury.[16] Jones's objections in this case therefore appear to contain additional false statements. Accordingly, undersigned agrees that the R&R's recommended sanction of dismissal without prejudice is appropriate.

## IV. CONCLUSION

Jones's objections to the R&R [ECF 10] are **OVERRULED**, and undersigned **ADOPTS** the R&R [ECF 3] as the Order of this Court. This case is **DISMISSED without prejudice** as malicious pursuant to 28 U.S.C. § 1915(e). The Clerk is **DIRECTED** to close this case.

**SO ORDERED** this 23rd day of September, 2026.

Steven D. Grimberg
United States District Judge

---

16 Jones also filed yet another (undisclosed) lawsuit on the same day that he filed this one: *Jones v. McNeish*, No. 1:25-cv-04171-SDG (N.D. Ga. July 25, 2025). Case No. -4171 will be addressed in a separate order.